**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| HENRY LEON CARRION, | : | |
| GDC No. 1000197581, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-1156-JEC-JSA |
| ALLEN CARTER, Warden, | : | |
|     Respondent. | : | |

**<u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>**

Petitioner Henry Leon Carrion seeks via 28 U.S.C. § 2254 to challenge the constitutionality of his conviction and sentence pursuant to a guilty plea in the Gwinnett County Superior Court. The matter is presently before the Court on the petition [Doc. 1]; the answer-response with brief and accompanying exhibits [Docs. 6, 7, 10]; and Petitioner's traverse [Doc. 8].

I.      <u>Procedural History</u>

On February 25, 2009, the Gwinnett County grand jury indicted Petitioner for Violation of the Georgia Controlled Substance Act. (Doc. 7, Attach. 7 at 8-9).[1] Specifically, the indictment charged Petitioner with trafficking cocaine by

---

[1] All documents are referenced according to the attachment number and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

knowingly possessing 400 grams of a cocaine mixture in violation of O.C.G.A. § 16-13-31(a). (Doc. 7, Attach. 7, at 9). Following an evidentiary hearing, the trial court denied Petitioner's motion to suppress on July 13, 2009. (Doc. 7, Attach. 6 at 10).

On February 2, 2010, Petitioner entered a negotiated guilty plea to the lesser charge of trafficking in cocaine based on possession of 200 to 399 grams, and was sentence to fifteen years to serve and a $300,000.00 fine. (Doc. 7, Attach. 6 at 88-89; Attach. 7 at 7). On October 29, 2010, Petitioner filed a state habeas petition in the Wheeler County Superior Court. (Doc. 7, Attach. 1). In that petition, he raised four grounds for relief: (1) the officer stopped Petitioner's car based on pretext has he did not have probable cause or reasonable suspicion of criminal activity; (2) the officer illegally searched Petitioner and his car; (3) the officer illegally questioned Petitioner in violation of Petitioner's *Miranda* rights; and (4) Petitioner received ineffective assistance of counsel because counsel did not bring to the court's attention the fact that Petitioner did not knowingly possess the contraband found in the vehicle, he could not speak English, and the indictment was defective. (*Id.*).

2

The habeas court held an evidentiary hearing on August 15, 2011, at which both of Petitioner's previous attorneys testified. (Doc. 7, Attach. 6 at 1, 5, 36). Petitioner filed a post-hearing brief in which he further argued his claim that he received ineffective assistance of counsel as related to the motion to suppress issues. (Doc. 7, Attach. 2). The state habeas court denied the petition on May 14, 2012. (Doc. 7, Attach. 3).

Petitioner filed an application for a certificate of probable cause with the Georgia Supreme Court in which he challenged, *inter alia*, the prosecutor and defense counsel's authorization to change the quantity of drugs in the indictment from more than 400 grams to a quantity between 200 and 399 grams. (Doc. 7, Attach. 4). The Georgia Supreme Court denied Petitioner's application on January 7, 2013. (Doc. 7, Attach. 5).

Petitioner executed the instant petition on March 25, 2013, and it was filed in this Court on April 8, 2013. (Doc. 1). Petitioner raises one issue in the petition: that counsel was ineffective by stipulating with the prosecutor to change the charge in the indictment without the grand jury. (*Id.* at 5). Respondent argues that this claim is new but procedurally defaulted. (Doc. 6). Petitioner responds that his claim essentially was encompassed within his state habeas claim that he received

3

ineffective assistance of counsel because counsel failed to challenge the indictment. (Doc. 8). The undersigned agrees with Respondent that the claim is new and procedurally defaulted. Regardless, it also is without merit.

II.   Discussion

    A.   Rules Regarding Exhaustion and Procedural Default

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court. For example,

> if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.

*Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) (citations omitted). Under Georgia law, a ground for relief that could have been raised in a state habeas action but was not is waived and cannot be asserted later. O.C.G.A. § 9-14-51; *Smith v. Zant*, 301 S.E.2d 32, 34 (Ga. 1983). A ground for relief defaulted in this manner under state law is barred from review by a federal court. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Bailey*, 172 F.3d at 1303.

4

A federal habeas petitioner can overcome a procedural bar if he demonstrates either (1) cause for the default and actual prejudice, or (2) a fundamental miscarriage of justice, *i.e.*, that unless the federal court reviews the defaulted claim, the petitioner will remain incarcerated despite his actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986); *Owen v. Secretary for Dep't of Corr.*, 568 F.3d 894, 908 (11th Cir. 2009). To establish cause, the petitioner must show that some objective factor external to the defense impeded his or counsel's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result would have been different" had he presented his defaulted claim. *Spencer v. Secretary, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010) (quotation marks and citations omitted). To establish a fundamental miscarriage of justice, i.e., "that constitutional error has caused the conviction of an innocent person," a petitioner must present "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," which demonstrates that "it is more likely than not that no reasonable juror would have convicted him" of the

5

underlying offenses.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Scarlett v. Secretary, Dep't of Corr.*, 404 F. App'x 394, 400 (11th Cir. 2010).

      B.      <u>Petitioner's Sole Ground for Relief is Procedurally Defaulted.</u>

In Petitioner sole ground for relief, he alleges that "Guilty plea counsel was ineffective in violation of the 5th, 6th, 14th Amendment [sic] by stipulating with the District Attorney to change the charge in the indictment without the grand jury. Constructive denial of counsel." (Doc. 1 at 5).  Respondent claims that Petitioner did not bring this claim in the state courts and it is therefore new and procedurally defaulted.

In his state habeas petition, Petitioner claimed that counsel was ineffective for failing to bring to the court's attention the facts that Petitioner did not knowingly possess the contraband found in the vehicle, he could not speak English, and the indictment was defective.  (Doc. 7, Attach. 1).  Petitioner, therefore, did not raise the issue that his guilty plea counsel was ineffective for stipulating to change the charge in the indictment without the grand jury, and neither his amended habeas petition [Doc. 10, Attach. 1] nor his post-hearing brief [Doc. 7, Attach. 2] raises that issue.  While Petitioner later raised a similar issue for the first time in his application for a certificate of probable cause with the

6

Georgia Supreme Court, he did not raise this precise claim during his state habeas case, and it therefore was waived. Accordingly, Respondent is correct that Petitioner procedurally defaulted this claim.

Petitioner does not attempt to demonstrate cause, prejudice, or actual innocence in order to overcome the procedural default of his claim. Instead, Petitioner argues that this Court should construe his claim liberally and that it essentially was encompassed in his ineffective assistance claim(s) before the state habeas court. To the degree that this Court could, in fact, so construe Petitioner's claim, however, it is without merit.

C.   Standard of Review

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a); *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). This power, however, is limited. *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (stating that Section 2254 "constrains our review of legal questions decided on the merits in state court").

7

A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(b); *see Berghuis v. Thompkins*, 560 U.S.370, ___, 130 S. Ct. 2250, 2259 (2010); *Johnson v. Upton*, 615 F.3d 1318, 1329 (11th Cir. 2010). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt[.]'" *Cullen*, 131 S. Ct. at 1398 (quoting *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010).

In applying 28 U.S.C. § 2254(d), a federal habeas court must first determine the applicable "clearly established Federal law," based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 404-05, 412 (2000). Next, the Court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if it "applies a rule

8

that contradicts the governing law set forth in [Supreme Court] cases" or "confronts a set of facts that are materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result. *Id.* at 405-06; *see also Windom v. Secretary, Dep't of Corr.*, 578 F.3d 1227, 1247 (11th Cir. 2009).

If the Court determines that the state court decision is not contrary to clearly established federal law, the Court must decide whether the state court decision was an "unreasonable application" of clearly established federal law by concluding whether the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the petitioner's case. *Williams*, 529 U.S. at 412; *Windom*, 578 F.3d at 1247. This reasonableness determination is objective, and the Court may not issue a federal writ of habeas corpus simply because it concludes in its independent judgment that the state court was erroneous or incorrect. *Williams*, 529 U.S. at 411; *see also Woodford*, 537 U.S. at 24 (2002); *Valle v. Secretary for Dep't of Corr.*, 478 F.3d 1326, 1327 (11th Cir. 2007) (en banc). In other words, it does not matter that the state court's application of clearly established federal law was incorrect, so long as that misapplication was objectively reasonable. *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785 (2011) ("For purposes of § 2254(d)(1), an

9

unreasonable application of federal law is different from an incorrect application of federal law.") (quotations omitted); *accord*, *Woodford*, 537 U.S. at 26; *Williams*, 529 U.S. at 411; *McIntyre v. Williams*, 216 F.3d 1254, 1257 n.4 (11th Cir. 2000).

Likewise, "a decision adjudicated on the merits in state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). When performing its review under § 2254(d), the Court must presume that the state court's determination of factual issues is correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous. 28 U.S.C. § 2254(e)(1); *Windom*, 578 F.3d at 1247.

> D. Petitioner Has Not Demonstrated that the State Habeas Court's Decision was Unreasonable.
>
> > 1. Standard for Reviewing Ineffective Assistance of Counsel Claims

The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient,

10

and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688)). To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Secretary, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010). The court may "dispose of [the] ineffectiveness [claim] on either of its two grounds." *Atkins v. Singletary*, 965 F. 2d 952, 959 (11th Cir. 1992); *see Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

### 2. State Habeas Court's Analysis

The state habeas court applied *Strickland* and found that counsel was not ineffective with regard to the indictment because "trial counsel Friedman was able to get the indictment adjusted to reflect the correct weight of the drugs found in

11

Petitioner's vehicle."[2] (Doc. 7, Attach. 3 at 4).[3] Petitioner has not demonstrated that the state habeas court's decision was unreasonable.

First, to the extent that Petitioner argues that only the grand jury was authorized to change the indictment and that counsel was not allowed to stipulate to a different amount, any such argument is incorrect since the exact amount of drugs is not an element of the offense of trafficking. Indeed, the statute under which Petitioner was charged and convicted provides that a person commits the felony offense of trafficking in cocaine if that person "sells, manufactures, delivers, or brings into this state or who is in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, as described in Schedule II[.]" O.C.G.A. § 16-13-31(a)(1). As such, a person can commit the crime of trafficking only in one way, by being in possession of 28 grams or more of cocaine. *Castillo v. State*, 589 S.E.2d 325, 326-27 (Ga. Ct. App. 2003). Thus, any "[l]arger amounts by specified increment affect only the

---

[2] The state habeas court's findings of fact are presumed to be correct, as Petitioner has not demonstrated otherwise with clear and convincing evidence. *See* 28 U.S.C. § 2254(e); *Windom v. Secretary of Dep't of Corr.*, 578 F.3d 1227, 1248 (11th Cir. 2009).

[3] Importantly, the state habeas court also found that Petitioner's plea was knowingly, voluntarily, and intelligently made. (Doc. 7, Attach. 3 at 5).

punishment." *Partridge v. State*, 370 S.E.2d 173, 175 (Ga. Ct. App. 1988). *See also Castillo*, 589 S.E.2d at 327 (Ga. Ct. App. 2003) ("The quantity of cocaine above 28 grams affects sentencing, not the manner in which the crime is committed."); *Jones v. State*, 574 S.E.2d 398 (Ga. Ct. App. 2002) ("[T]o be guilty of trafficking in cocaine, one need only possess 28 grams or more of cocaine. . . . .Larger amounts by specified increments affect only the punishment and are not material allegations to prove the crime of trafficking.") (citations omitted).  The fact that counsel stipulated to change the indictment to reduce the actual amount of drugs to reflect the true amount that could be proven by the State – which benefitted Petitioner by reducing the amount of punishment that otherwise would have been applicable – can only be viewed as a tactical decision that was neither deficient nor prejudicial.

In this case, even had counsel not stipulated to the lesser amount of cocaine in the indictment, Georgia law would not have considered the difference in quantity between the indictment and the evidence to be a fatal variance that would invalidate Petitioner's conviction.  *See Castillo*, 589 S.E.2d at 327 (rejecting defendant's argument that the court erred in instructing the jury on trafficking in 28 grams or more even though the indictment charged him with trafficking in 200

13

grams or more, since the quantity only affects sentencing, and by charging the jury on more than 28 grams the trial court did not instruct the jury on a crime not alleged in the indictment); *Jones*, 574 S.E.2d at 400 (stating that cocaine amounts larger than 28 grams in an indictment for trafficking cocaine are not "material allegations" to prove the crime); *Partridge*, 370 S.E.2d at 175 (holding that there was no fatal variance between indictment and proof so as to reverse the defendant's conviction for trafficking where the indictment charged him with more than 400 grams but the evidence only showed 319 grams, "[s]ince the amount shown would still show a violation of law").  Thus, Petitioner has not demonstrated that counsel was ineffective for entering into any such stipulation; nor has he shown that the outcome would have been different had counsel not done so.  Petitioner, therefore, has not shown that the state habeas court's finding was contrary to, or an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts.  Accordingly, Petitioner is not entitled to relief.

IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the instant federal habeas petition [Doc. 1] be **DENIED** and that this action be **DISMISSED**.

VI. Certificate of Appealability ("COA")

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. *Miller-El v. Cockrell,* 537 U.S. 322, 366 (2003)*; Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that Petitioner's claim is procedurally barred or alternatively that it is without merit.

15

AO 72A
(Rev.8/82)

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 8th day of October, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

16