IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HENRY LEON CARRION,              :
GDC No. 1000197581,              :    PRISONER HABEAS CORPUS
    Petitioner,                  :    28 U.S.C. § 2254
                                 :
    v.                           :    CIVIL ACTION NO.
                                 :    1:13-cv-1156-JEC-JSA
ALLEN CARTER; Warden,            :
    Respondent.                  :

## ORDER AND OPINION

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Judge Justin S. Anand [11], and Petitioner's Response thereto [13]. After conducting an extensive review of petitioner's claims for relief, Magistrate Judge Anand recommended that the petition be denied.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which petitioner has objected. The Court reviews the remainder of the R&R for plain error. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983). Where a petitioner does not file *specific objections* to factual findings and recommendations of the magistrate judge, however, this Court need not perform a *de novo* review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993)(citing, *inter alia*, *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992); *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).

AO 72A
(Rev.8/82)

**I.   DISCUSSION**

Petitioner filed this federal habeas corpus petition challenging his 2010 conviction and sentence by guilty plea in the Gwinnett County Court. (Pet. [1].) Petitioner raised one claim in the petition: that plea counsel was ineffective by stipulating with the prosecutor to change the charge in the indictment without the grand jury. (*Id.* at 5.)

Magistrate Judge Anand based his recommendation to deny the petition for the following alternative reasons: (1) petitioner's claim is procedurally defaulted, and (2) it is without merit. (R&R [11].)

Petitioner appears to object to both of Judge Anand's conclusions. For the reasons discussed below, petitioner's objections lack merit.

   A.   Procedural Default

Petitioner claims that his claim was encompassed in an ineffective counsel claim that he raised before the state habeas court; *i.e.*, that he received ineffective assistance of counsel because counsel failed to challenge the indictment. Here, petitioner claims that counsel was ineffective for stipulating to change the indictment without the grand jury – which was not raised in his state habeas petition, amended petition, or post-hearing brief. And although petitioner raised this claim the first time in his

2

application for a certificate of probable cause, it was waived because he did not raise it during his state habeas case. *See* O.C.G.A. § 9-14-51; *Smith v. Zant*, 250 Ga. 645, 648-48 (1983)(stating that under Georgia law a ground for relief is waived if it could have been raised in a state habeas action but was not). Thus, the Magistrate Judge was correct in finding that petitioner's claim is barred from review in this Court. *See Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977)(holding federal review is barred for claims not raised by the petitioner in a state proceeding); *accord Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).[1]

B.   Ineffective Assistance of Counsel

The Magistrate Judge also correctly found that petitioner's claim alternatively fails on the merits. While petitioner argues that changing the amount of cocaine in the indictment is substantive and therefore only the grand jury may amend it, Georgia law explicitly rejects that contention. *See Castillo v. State*, 263 Ga. App. 772, 773 (2003)(stating that any quantity of cocaine above the statutory amount of 28 grams "affects sentencing, not the manner in which the crime is committed"); *Jones v. State*, 258 Ga. App. 337, 338 (2002)("[T]o be guilty of trafficking in cocaine, one need only possess 28 grams or more of cocaine. . . . Larger amounts by

---

[1] Petitioner has not attempted to show cause, prejudice, or a miscarriage of justice to overcome the procedural default.

3

specified increments affect only the punishment and are therefore not material allegations to prove the crime of trafficking.")(internal citations omitted); *Partridge v. State*, 187 Ga. App. 325, 327 (1988) (holding there was not a fatal variance where the indictment charged the defendant with trafficking 400 grams of cocaine but the evidence showed only 319 grams, because the code section only requires 28 grams of cocaine and "[l]arger amounts by specified increment affect only the punishment."). Thus, this Court agrees with Magistrate Judge Anand's conclusion that counsel's stipulation to the lesser amount of drugs--which benefitted Petitioner by reducing the applicable punishment--did not constitute ineffective assistance because it was neither deficient nor prejudicial. Accordingly, petitioner's objections are without merit.

**II.  CONCLUSION**

Petitioner's objections are without merit, and the Court finds no clear error in the remainder of the Magistrate Judge's Report and Recommendation.

**IT IS THEREFORE ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation [11] over petitioner's objections. Petitioner's habeas petition [1] is hereby **DENIED** and the instant action is **DISMISSED**.

AO 72A (Rev.8/82)

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED,** this 25th day of July, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)